UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHNNIE W. MCMILLON, 04-B-3588,

                Plaintiff,

      v.

MATTHEW MULHERN, and
STEVEN SIERK,

                Defendants.
_____

DECISION & ORDER

04-CV-6346L

        Plaintiff in the above-captioned matter has filed a *pro se* Complaint pursuant to 42 U.S.C § 1983, alleging that defendants violated his constitutional rights by subjecting him to excessive use of force at the time of his arrest. (Docket # 1). Currently before this Court is plaintiff's motion for the appointment of counsel. (Docket # 30). For the following reasons, plaintiff's motion is denied.

        It is well-settled that there is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1. Whether the indigent's claims seem likely to be of substance;

    2. Whether the indigent is able to investigate the crucial facts concerning his claim;

   3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

   4. Whether the legal issues involved are complex; and

   5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

   The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the ... claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

   The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that defendants subjected him to excessive force at the time of his arrest. (Docket # 1). Through the current motion, plaintiff requests the assignment of counsel alleging only that he is unable to obtain an attorney on his own. (Docket # 30).

   Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, it does not appear that counsel will provide substantial assistance in developing plaintiff's argument at this time. Indeed, the legal issues in this case do not appear to be

complex, and plaintiff appears fully able to conduct any necessary investigation. Further, plaintiff has not demonstrated that the appointment of counsel would be more likely to lead to a just determination in this matter. Thus, plaintiff's motion for appointment of counsel **(Docket # 30)** is **DENIED** without prejudice at this time. It is plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                       s/Marian W. Payson
                                             MARIAN W. PAYSON
                                       United States Magistrate Judge

Dated: Rochester, New York
        June  27 , 2005.