UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHNNIE W. McMILLON,

                DECISION & ORDER

       Plaintiff,

                04-CV-6346L

   v.

MATTHEW MULHERN, et al.,

       Defendant.
_____


       By order dated November 18, 2004, the above-captioned matter has been referred to the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B). (Docket # 13). On November 26, 2004, plaintiff moved for a court order allowing him access to a law library. (Docket # 17). Such motion was denied by this Court by order dated March 9, 2005 because plaintiff had made only a general assertion and had failed to identify any particular books or other materials that were denied him in relation to the pending matter.[1] (Docket # 27). By letter dated August 20, 2005, plaintiff once again seeks access to the law library. As with his prior motion, however, plaintiff has failed to identify any materials that have been denied him. Instead, plaintiff states summarily, "I am writing to you on behalf of me trying to get to the Law Library. I have not been able to go so that I can prepare for my case." (Docket # 39).

---

[1] Following the March 9, 2005 decision, this Court received a letter dated April 15, 2005, from D.F. Napoli, Acting Superintendent of the correctional facility in which plaintiff was incarcerated. In the letter, Acting Superintendent Napoli reported that plaintiff was provided with the opportunity to access the library on March 13, 18, 21, 24, and 25, 2005. Plaintiff did not take advantage of any of those opportunities.

The United States Constitution guarantees prisoners a meaningful right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). Reasonable access to a law library is one means of ensuring a prisoner's access to the courts. *Id.* at 351; *see Bounds v. Smith*, 430 U.S. 817, 821 (1977). Law library access, however, need not be without restraint. *See Shepherd v. Fraisher*, 1999 WL 713839, *4 (S.D.N.Y. 1999) ("unlimited, unrestricted or unmanaged access at the demand of a prisoner is not required"); *Jermosen v. Coughlin*, 1995 WL 144155, *4 (S.D.N.Y. 1995) (delaying inmate's access to law library did not violate constitutional right in absence of proof that delay interfered with access to courts).

Here, plaintiff has summarily asserted for the second time that he is being denied access to the law library. He has continuously failed to identify any particular books or other materials that were denied him in relation to the pending matter. Such a general assertion is insufficient to establish a constitutional violation. *See Shepherd v. Fraisher*, 1999 WL 713839 at * 6 ("vague and conclusory allegations" of denial of access to law library are insufficient to raise factual issues). Judged on this record, I find that plaintiff has failed to allege adequately a claim that he was denied his constitutional right of access to the courts.

Moreover, even if plaintiff could establish that he was denied legal materials, he has not attempted to demonstrate any prejudice resulting from such denial. "In order to establish a violation of a right of access to [the] courts, a plaintiff must demonstrate that a defendant caused 'actual injury,' . . . i.e., took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'" *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. at 351), *cert. denied*, 525 U.S. 823 (1998). According to the Supreme Court, the requirement that a plaintiff suffered an actual injury "'derives ultimately

from the doctrine of standing.'"  *Casey*, 518 U.S. at 349; *Monsky v. Moraghan*, 127 F.3d at 247 (quoting *Casey*, 518 U.S. at 349); *see Shepherd v. Fraisher*, 1999 WL 713839 at * 5 ("where it is alleged that access to a law library has actually been denied, a plaintiff must allege that the deprivation proximately caused some actual prejudice or denial of a legal claim") (citing *Casey*, 518 U.S. at 351-52); *Warburton v. Underwood*, 2 F. Supp. 2d 306, 312 (W.D.N.Y. 1998) ("in order to state a constitutional claim, a plaintiff must make a showing that he has suffered, or will immediately suffer, actual harm, that is, that he was hindered in his efforts to pursue a legal claim") (internal quotation omitted).  Plaintiff has failed to make any showing that he was prejudiced by the alleged deprivation of legal materials.  Accordingly, plaintiff's motion for access to the law library **(Docket # 39)** is **DENIED without prejudice** at this time.

**IT IS SO ORDERED.**

                                                    *s/Marian W. Payson*
                                                    MARIAN W. PAYSON
                                                  United States Magistrate Judge

Dated: Rochester, New York
       October  18 , 2005.